Manchester District Court
No. 2003-187

IN RE JUVENILE 2003-187

Argued: January 14, 2004
Opinion Issued: April 30, 2004

*Peter W. Heed,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson,* chief appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, J. The juvenile appeals from an order of the Manchester District Court (*Champagne,* J.) finding him delinquent for falsifying physical evidence, *see* RSA 641:6 (1996). We reverse.

The record supports the following facts. On October 23, 2002, Officer Kevin Covie of the Manchester Police Department was on duty as the school resource officer at Manchester West High School. During a change of classes, he observed the juvenile speaking with several other people in a congested hallway crowded with almost two hundred people, and holding what appeared to be a pack of cigarettes. Officer Covie knew that the juvenile was fifteen years old and not permitted to possess tobacco, *see* RSA 126-K:6 (Supp. 2003). Officer Covie decided to approach the juvenile to investigate further. When he was approximately thirty to forty feet

away, he and the juvenile made eye contact. The juvenile then threw the cigarette pack onto the floor in the officer's direction and fled through the crowded hallway. Officer Covie walked over to the cigarette pack and retrieved it. Later that day, he took the juvenile into custody. Testing revealed that the cigarette pack contained .19 gram of marijuana.

Officer Covie filed petitions alleging the delinquency of the juvenile, based upon possession of marijuana (which is not at issue in this appeal) and falsifying physical evidence. On the latter count, the petition alleged that "[b]elieving . . . an official investigation was about to be instituted, [the juvenile] purposely discarded a pack [of] . . . cigarettes with the purpose to impair its verity and availability . . . during the course of [the] investiga[tion]." Following a hearing, the trial court found that the State had proven its case beyond a reasonable doubt. On appeal, the juvenile contends that the trial court erred because the State offered insufficient evidence to support the finding of delinquency.

To prevail on a sufficiency of the evidence argument, the defendant must show that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found him to be delinquent beyond a reasonable doubt. *See State v. Briggs*, 147 N.H. 431, 433 (2002). RSA 641:6 reads, in pertinent part:

> A person commits a class B felony if, believing that an official proceeding . . . or investigation is pending or about to be instituted, he . . . [a]lters, destroys, conceals or removes any thing with a purpose to impair its verity or availability in such proceeding or investigation . . . .

The juvenile contends that under this statutory provision the State had to prove, beyond a reasonable doubt, three elements of the offense in order to establish his delinquency. The first element, that he believed an official investigation was about to be instituted, is not at issue in this appeal. With respect to the remaining elements, the juvenile argues that the State offered insufficient evidence that he "altered, destroyed, concealed, or removed the package of cigarettes," and that, in doing so, he "acted with the requisite purpose." At the outset, the State contends that because the juvenile's notice of appeal refers only to the element of purpose, he waived the issue of *actus reus*. We disagree.

The specific question raised in the juvenile's notice of appeal reads: "Whether the Court erred in finding beyond a reasonable doubt that [the juvenile] had the purpose to impair the verity and availability of the pack of cigarettes in Officer [Covie's] investigation?" The State does not contest that the juvenile raised the sufficiency of the evidence on *actus reus* before the trial court. In addition, it is clear that the juvenile has briefed the issue.

"[Supreme Court Rule 16(3)(b)] provides that the question addressed in a brief shall be the same as the question previously set forth in the appeal document although the latter will be deemed to include every subsidiary question fairly comprised therein." *In re "K"*, 132 N.H. 4, 16 (1989) (quotation, ellipsis and brackets omitted).

█ Under the facts and circumstances of this case, the sufficiency of the evidence of the juvenile's *actus reus* is inextricably linked with, and fairly comprises a subsidiary question to, the ultimate issue of the sufficiency of the evidence as to the juvenile's *mens rea* with regard to that action. *See Samyn-D'Elia Architects v. Satter Cos. of New England*, 137 N.H. 174, 177 (1993); *see also* RSA 626:2, II (a) (1996) ("A person acts purposely with respect to a material element of an offense when his conscious object is to cause the result or engage in the conduct that comprises the element."). Consequently, we find that the juvenile has preserved the issue of the second element of the statute and we address it.

The juvenile argues that the State offered insufficient evidence to prove that he "altered, destroyed, concealed, or removed the package of cigarettes" when he threw the pack containing contraband onto the floor of the crowded high school corridor and fled from the police. In its brief, the State does not argue that the juvenile either altered or destroyed the evidence at issue, but focuses its argument on the premise that the evidence was "concealed or removed." At oral argument, however, the State agreed that in order to reach the sufficiency of the evidence claim, this court need only construe the statute and interpret the word "conceal."

Because resolution of this issue requires statutory interpretation, which is a matter of law, we review the trial court's decision *de novo. See State v. Boulais*, 150 N.H. 216, 218 (2003). This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Melcher*, 140 N.H. 823, 825 (1996). We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. *See* RSA 625:3 (1996); *Melcher*, 140 N.H. at 825-26.

While the statute does not define "conceal," the dictionary defines it to mean: "to prevent disclosure or recognition of: avoid revelation of: refrain from revealing: withhold knowledge of: draw attention from: treat so as to be unnoticed . . . to place out of sight: withdraw from being observed: shield from vision or notice[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 469 (unabridged ed. 2002). The dictionary also enumerates synonyms for "conceal" as "hide, bury, secrete, cache, screen, ensconce." *Id.*

█ Ascribing the plain and ordinary meaning to the word "conceal," we fail to see how the actions of the juvenile, given the totality of the

circumstances in this case, fit within its meaning. After the juvenile made eye contact with the police officer coming toward him, he threw the cigarette pack to the floor in the officer's direction and ran away through the crowded hallway. The police officer then walked over to the cigarette pack and retrieved it. The juvenile did not prevent Officer Covie from recognizing and retrieving the cigarette pack or discovering its contents; neither did he place the pack out of the officer's sight or shield it from his vision in any manner, as evidenced by the ease with which Officer Covie retrieved it. The pack was not hidden, buried or secreted from Officer Covie's vision or attention. Instead, the juvenile's actions, given the totality of the circumstances in this case, constituted a simple abandonment of the cigarette pack, an action not proscribed by the statute.

The juvenile may have intended to make it less likely that the cigarette pack would be associated with him or come to Officer Covie's attention by ridding his hands of it and abandoning it in the crowded hallway. It is important, however, not to confuse the juvenile's intent with his physical actions. RSA 641:6 uses the term "conceals" to define the *actus reus* of the offense. In addition to the *actus reus*, the statute also requires proof of a culpable mental state—here, the juvenile's intent to "impair [the] verity or availability" of the evidence. That the juvenile may have intended to make it more difficult for Officer Covie to detect the contraband does not mean that the juvenile concealed the contraband when he abandoned it. *See Vigue v. State*, 987 P.2d 204, 210 (Alaska Ct. App. 1999). Indeed, under the totality of the circumstances in this case, the juvenile did not conceal the contraband.

The juvenile cites cases from other jurisdictions for the proposition that discarding illegal drugs in the sight of the police does not fall within the ambit of the statute. The State counters that the juvenile did not "merely discard" the cigarette pack. Instead, the State argues that because there were roughly two hundred people in the hallway area, the juvenile "was not discarding drugs in the sight of the police, but was trying to conceal them from sight by throwing them to the floor while standing in a crowd of people, and then running away." The statute is clear that an actor commits a class B felony if the person "conceals" something with the purpose to impair its verity or availability in a pending official investigation. *See* RSA 641:6, I. Here, the contraband was never concealed. The police officer saw the juvenile throw the cigarette pack to the floor, saw it come to rest, and was promptly able to retrieve it. At most, the juvenile may have made a failed attempt to conceal the pack, *see* RSA 629:1 (Supp. 2003).

Further, to support its contention that "[t]he fact that the juvenile's actions did not have the desired effect of dissociating himself from the evidence should not be controlling," the State cites *Commonwealth v.*

*Morales*, 669 A.2d 1003, 1006 (Pa. Super. Ct. 1996) ("[The statute] does not require proof that the evidence was concealed outside the presence of the police or that it was completely destroyed."). We believe that *Morales* is easily distinguished from the instant case. In *Morales*, the defendant's conviction for tampering with physical evidence was affirmed where he swallowed a packet of contraband while being apprehended by the police subsequent to an alleged illegal drug transaction. *Morales*, 669 A.2d at 1004-05. On appeal, the defendant contended, among other things, that there was insufficient evidence to sustain the conviction because he could not have concealed evidence when he placed the packet in his mouth in the presence of the police. *Id.* at 1005. The appellate court disagreed, stating: "It is absurd to suggest . . . that [the defendant] did not attempt to 'conceal' the packet simply because the act of concealment was done in the presence of the officers." *Id.* at 1006. We believe there to be a significant gulf between swallowing a packet of contraband and abandoning a package of contraband by throwing it to the floor in the direction of an approaching police officer, who then retrieves the package. While we need not decide here if the former action falls within the ambit of our statute, we agree that such action at the very least places the packet out of sight, withdraws it from being observed, and hides or secretes it, *see* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 469. In contrast, the latter action in this case accomplished none of these.

In addition, the State argues that the juvenile's actions were "not different in kind, but merely in degree, from the acts found to constitute tampering with evidence in *State v. Mendez*, 785 A.2d 945 (N.J. Super. Ct. App. Div. 2001)." We disagree. In *Mendez*, the appellate court affirmed the defendant's conviction for tampering with physical evidence where he had held a plastic bag "containing a white powdery substance . . . outside the window of a moving car during a police chase, allowing the substance to dissipate into the air and thus causing it to become unavailable as evidence." *Mendez*, 785 A.2d at 954. The court cited cases from other jurisdictions that consistently held

> that simply throwing away contraband as the police approach does not constitute concealment that will support a conviction for evidence tampering, but that swallowing drugs or other conduct that makes contraband unavailable to the police constitutes destruction of evidence that will support. a conviction for this offense.
>
> . . . Such conduct does not constitute mere abandonment of evidence . . . .

*Id.* (quotations and citations omitted). In *Mendez*, the State's theory was that the defendant had altered or destroyed the white powdery substance by releasing it into the air. *Id.* at 953. In the instant case, the juvenile's abandonment of the cigarette pack neither altered nor destroyed it, and did nothing to prevent its availability to the police. As such, his actions were significantly different, both in kind and in degree, from those of the defendant in *Mendez*.

■ In sum, we hold that the actions of the juvenile, given the totality of the circumstances in this case, do not demonstrate that he concealed the pack of cigarettes. Consequently, we find that the defendant has shown that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found delinquency beyond a reasonable doubt. As such, the trial court erred as a matter of law in finding that the State had proven its case beyond a reasonable doubt.

Because our holding concerning the second element of the statute is dispositive in this case, we do not reach the third element regarding purpose.

*Reversed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.