Hillsborough-northern judicial district
No. 2008-207

THE STATE OF NEW HAMPSHIRE

v.

MOHAMED DAOUD

Argued: January 9, 2009
Opinion Issued: February 18, 2009

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the memorandum of law and orally), for the State.

*Stephanie Hausman*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Mohamed Daoud, appeals his conviction for falsifying physical evidence, *see* RSA 641:6 (2007), following a jury trial in the Superior Court (*Abramson*, J.). We affirm.

The jury could have found the following relevant facts. On March 31, 2007, the defendant was involved in a car accident on Wilson Street in Manchester. Several residents heard the crash and went out to investigate. Two residents observed a Saturn in the middle of the road that had apparently hit two parked cars. The defendant got out of the driver's seat

and stood beside the car briefly before getting back inside. He entered and exited the vehicle twice before the police arrived at the scene, at which time he was seated on a curb some distance away.

When Officer Peter Boylan approached, the defendant stated that he had not been driving. He then gave two inconsistent accounts of who had driven the vehicle. After receiving information from the police station, Officer Boylan and another officer arrested the defendant for operating after certification as a habitual offender and for disobeying a police officer by giving a false date of birth.

Officer Boylan and the other officer searched in and around the vehicle for the key, in an effort to identify the defendant as the driver of the vehicle. The key was ultimately discovered in the defendant's left shoe when a property inventory was undertaken at booking.

The defendant was convicted of operating after certification as a habitual offender, *see* RSA 262:23 (Supp. 2008), disobeying a police officer, *see* RSA 265:4 (2004) and falsifying physical evidence, *see* RSA 641:6, for removing the vehicle's key. On appeal, the defendant has briefed only his challenge to the last conviction.

The defendant contends that the trial court erred in not dismissing the falsifying evidence charge for insufficient evidence.

> To prevail on his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. When the evidence is solely circumstantial, it must exclude all rational conclusions except guilt. Under this standard, however, we still consider the evidence in the light most favorable to the State and examine each evidentiary item in context, not in isolation.

*State v. Evans*, 150 N.H. 416, 424 (2003) (citations omitted). The defendant's challenge centers upon the meaning of the term "removes" in RSA 641:6 and therefore presents an issue of statutory interpretation.

> In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. In interpreting a statute, we first look to the language of the statute itself and, if possible, construe that language according to its plain and ordinary meaning. We review a trial court's interpretation of a statute *de novo*.

*State v. Horner*, 153 N.H. 306, 309 (2006) (citations omitted).

RSA 641:6 provides, in pertinent part:

> A person commits a class B felony if, believing that an official proceeding, as defined in RSA 641:1, II, or investigation is pending or about to be instituted, he:
>
> I. Alters, destroys, conceals or removes any thing with a purpose to impair its verity or availability in such proceeding or investigation; . . . .

RSA 641:6. The defendant was charged solely with the "removes" variant of the offense. Specifically, the indictment charged that the defendant:

> did commit the crime of falsifying physical evidence in that the defendant did, believing that an official investigation was about to be instituted, the defendant removed an item with the purpose to impair its availability in such investigation when, after having been involved in a motor vehicle collision, he hid the keys to the vehicle he had been operating inside his left shoe in order to prevent the investigating officers from associating him with said vehicle.

The defendant argues that his "act of moving the key from the ignition of the car to his shoe is not a 'removal' under the law." He acknowledges that the term "remove" may mean any movement, however slight, in position, but argues that the legislature did not intend such a broad reading. In support, the defendant cites cases from Alaska and Florida in which courts declined to interpret the term "remove" in an evidence tampering statute in its broadest, literal sense. *See Anderson v. State*, 123 P.3d 1110 (Alaska Ct. App. 2005); *Vigue v. State*, 987 P.2d 204 (Alaska Ct. App. 1999); *Boice v. State*, 560 So. 2d 1383 (Fla. Dist. Ct. App. 1990), *disapproved of in State v. Jennings*, 666 So. 2d 131, 134 (Fla. 1996).

We first note that these cases, each of which involved the abandonment of evidence in plain view of a pursuing officer, are factually distinguishable from the case before us. *See Anderson*, 123 P.3d at 1118 (stating that defendant "toss[ed a] handgun, magazine, and ammunition out of [a] car in the sight of the police"), *Vigue*, 987 P.2d at 211 (holding that defendant did not " 'suppress' or 'conceal' . . . rocks of cocaine when he tossed or dropped them to the ground in the officer's presence"), *Boice*, 560 So. 2d at 1384 (holding that the defendant's "act of tossing [a] small bag of cocaine away from his person while in the presence of the arresting officers at the scene of the purchase does not rise to the level of conduct which constitutes a concealment or removal of something for the purpose of impairing its availability" for trial). We addressed similar circumstances in *In re Juvenile 2003-187*, 151 N.H. 14 (2004), a case in which a fifteen-year-old student,

upon catching the eye of a police officer, threw a pack of cigarettes later found to contain marijuana onto the floor of a crowded school hallway and fled. *Juvenile 2003-187*, 151 N.H. at 14-15. We held that the juvenile did not "conceal" the cigarette pack within the meaning of RSA 641:6. *Id.* at 16-17. Rather, we concluded that "the juvenile's actions, given the totality of the circumstances in this case, constituted a simple abandonment of the cigarette pack, an action not proscribed by the statute." *Id.* at 17.

Nevertheless, in urging a more restricted reading of "removes," the defendant presents an issue of statutory construction noted by the court in *Vigue*:

> [I]f the term "remove" is not to be redundant of the other terms used in the statute (especially "suppress" and "conceal"), then "remove" must refer to the act of moving an object from the scene of the crime, or from any location where its evidentiary value can be deduced, to some other place where its evidentiary significance may not be detected.

*Vigue*, 987 P.2d at 210. The defendant uses this definition to argue that his

> act of moving the key from the ignition of the car to his shoe is not a "removal" under the law because it neither removed the key from a place where its evidentiary value could be recognized nor decreased the evidentiary value of the key. If anything, placing the key on his person increased the evidentiary value of the key in that it provided circumstantial evidence that Daoud was in control of the car.

■ Assuming, as the defendant appears to contend, that the *Vigue* definition is meant to encompass *only* disguising the evidentiary significance of an item and to exclude obscuring the item itself, we decline to adopt it. While we agree that under standard rules of statutory construction, none of the terms "[a]lters, destroys, conceals or removes" used in RSA 641:6 may be redundant or superfluous, *see State v. Pierce*, 152 N.H. 790, 791 (2005) (noting that "[a]ll words of a statute are to be given effect, and the legislature is presumed not to use words that are superfluous or redundant"), the terms need not be mutually exclusive. As the State suggested at oral argument, it is possible to conceal something without removing it (by, for instance, covering it with another object or material) and to remove something, with the intent to impair its availability, without concealing it (by, for instance moving an item to a place where, although not hidden, it is not likely to be discovered). Thus the terms "conceals" and "removes" in RSA 641:6 have independent significance.

██ A single act, however, may theoretically constitute one or more of the variants of RSA 641:6 and, thus, the State may "simultaneously prosecute multiple charges which constitute the same offense based on a single act or transaction provided it seeks a single conviction and each charge alleges a distinct, alternative method of committing the offense." *State v. Nickles*, 144 N.H. 673, 676 (2000). The State here chose to indict the defendant only on the "removes" variant of RSA 641:6. Nevertheless, that the defendant may have concealed the key in his shoe does not prevent his conduct from satisfying the elements of the "removes" variant of the offense, for which there was ample evidence at trial. Accordingly, we affirm his conviction.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.