**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0261, <u>State of New Hampshire v. Kayla Phillips</u>, the court on February 13, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Kayla Phillips, appeals her conviction, following a jury trial in the Superior Court (<u>Anderson</u>, J.), of falsifying physical evidence. <u>See</u> RSA 641:6, I (2016). She argues that the evidence was insufficient to support the conviction.

A person commits the crime of falsifying physical evidence "if, believing that an official proceeding . . . or investigation is pending or about to be instituted," the person "[a]lters, destroys, conceals or removes any thing with a purpose to impair its verity or availability in such proceeding or investigation." RSA 641:6 (2016). The defendant first argues that the evidence was insufficient to prove that she believed that an official investigation was about to be instituted because, "[i]n calling 911, [she] requested an ambulance, not police." Furthermore, she notes, the "Good Samaritan" law provides that anyone calling for emergency services for a suspected overdose "shall not be arrested, prosecuted, or convicted for possessing, or having under his or her control, a controlled drug . . . if the evidence for the charge was gained as a proximate result of the request for medical assistance." RSA 318-B:28-b, II (2017). Therefore, she argues, "she had no belief that an investigation would be started."

To prevail on a challenge to the sufficiency of the evidence when the evidence as to one or more elements of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. <u>State v. Woodbury</u>, 172 N.H. 358, 363 (2019). Under this standard, we consider the evidence in the light most favorable to the State, and examine each evidentiary item in the context of all the evidence, not in isolation. <u>Id</u>. The record in this case shows that the defendant, with assistance from others, carried the unconscious victim from an undisclosed location to a parking lot and placed the victim on the pavement next to the driver's-side door of his car before calling 911. The defendant then lied to the police officer about the location of the body when she discovered it. We conclude that no reasonable conclusion can be drawn from this evidence

other than that the defendant believed that an investigation was about to be instituted.  See id.

The defendant next argues that the evidence was insufficient to prove that she "altered or removed the body . . . from the area where [the person] experienced an overdose of a controlled drug" because the body was not altered in any way or "removed to a location where it could not be found."  We have held, however, that the terms "alters," "destroys," "conceals" and "removes," as used in RSA 641:6, I, have independent significance, and that it is possible to "remove" something without "concealing" it.  State v. Daoud, 158 N.H. 334, 337 (2009).  We conclude that no reasonable conclusion can be drawn from this evidence other than that the defendant, with assistance from others, removed the body from the area where the person overdosed.  See Woodbury, 172 N.H. at 363.

Finally, the defendant argues that the evidence was insufficient to prove that, in moving the body, she "had a purpose to impair the verity of [the] body for an investigation."  The defendant concedes that "the act of moving [the body] may have been intended to conceal evidence of illegal drug use in the place where he overdosed," but argues that "it did not alter [the] body or its availability or verity for any ensuing investigation."  However, the verity of the body encompassed the truth of where the person was when he overdosed.  See Daoud, 158 N.H. at 337.  Thus, we conclude that no reasonable conclusion can be drawn from this evidence other than that the defendant, by moving the body, altered its verity for an ensuing investigation.  See Woodbury, 172 N.H. at 363.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2