IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2012

**STATE OF TENNESSEE v. JERELL REED**

**Appeal from the Circuit Court for Lauderdale County**
**No. 9075     Joseph H. Walker, III, Judge**

---

**No. W2011-02141-CCA-R3-CD  - Filed August 22, 2012**

---

Following the Lauderdale County Circuit Court's denial of his motion to dismiss, the Defendant-Appellant, Jerell Reed, entered guilty pleas to tampering with evidence, a Class C felony, and simple possession of marijuana, a Class A misdemeanor, and purported to reserve a certified question of law regarding whether his attempt to dispose of less than one-half ounce of marijuana constituted the felony offense of tampering with evidence. Because Reed failed to properly reserve the certified question, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the Defendant-Appellant, Jerell Reed.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** Reed was indicted by the Lauderdale County Grand Jury for tampering with evidence, see T.C.A. § 39-16-503; simple possession of marijuana, see id. § 39-17-418; and carrying a firearm with the intent to go armed, see id. § 39-17-1307. He subsequently filed a motion to dismiss the tampering with evidence charge. On September 13, 2011, following a hearing, the trial court entered a written order denying the motion to dismiss, which provided in pertinent part:

Officer Jones testified that on December 8, 2010, he observed a blue Buick with expired tags and stopped the vehicle. When he approached, [Reed] was the driver and was chewing something large in his mouth. The officer could smell marijuana. He questioned [Reed] and extracted marijuana from [Reed's] mouth. There was a gun under the driver's seat. [The officer] has since learned that [Reed] has a carry permit.

The State moved to dismiss count 3, carrying a firearm. The motion is granted.

. . . .

[Reed] moves to dismiss the tampering with evidence [charge], relying on State v. Patton, 898 S.W.2d 732 [(Tenn. Crim. App. 1994)], which held that tossing a bag of marijuana to the ground was not evidence tampering. The case contains language to the effect that abandonment of drugs is not tampering.

The State relies on State v. Majors, 318 S.W.3d 850 [(Tenn. 2010)]. That case sets out the analysis under the statute.

In this case, [Reed] was attempting to chew the marijuana. The State must prove that [Reed] knew that an investigation was in progress. He had been stopped by the officer, which gave him notice that the officer was in progress [sic] of investigating. [Reed] then attempted to alter or destroy the marijuana by placing same in his mouth and chewing to impair its verity or availability as evidence. The motion to dismiss count one is denied.

. . . .

The rulings on the record in court are incorporated herein.

On September 19, 2011, a plea agreement was filed showing that Reed was entering guilty pleas to tampering with evidence and simple possession of marijuana. On the same date, judgment forms were entered showing that the trial court accepted Reed's guilty pleas and sentenced him as a Range I, standard offender to three years on supervised probation for the tampering with evidence conviction and eleven months and twenty-nine days on supervised probation for the simple possession conviction. The judgment form for the tampering with evidence conviction showed that Reed purported to reserve a certified question of law. On October 2, 2011, Reed filed a timely notice of appeal.

## ANALYSIS

On appeal, Reed contends that his act of attempting to dispose of less than one-half ounce of marijuana did not constitute the felony offense of tampering with evidence. The State responds that the appeal should be dismissed because Reed failed to comply with the strict requirements for reserving a certified question of law. Because the question of law is not properly before this court, we dismiss the appeal for lack of jurisdiction.

Tennessee Rule of Criminal Procedure 37(b), which establishes the procedure for reserving a certified question of law, provides:

> **When an Appeal Lies.** The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:
>
> . . . .
>
> (2) on a plea of guilty or nolo contendere, if:
>
> (A) the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved–with the consent of the state and of the court–the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b) (2010) (amended July 1, 2011).

A defendant must comply with all of the requirements of Rule 37 to confer jurisdiction on this court following the entry of a guilty plea. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). The Tennessee Supreme Court provided detailed requirements for reserving a certified question of law in State v. Preston:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988) (emphasis added). "Preston puts the burden of reserving, articulating, and identifying the issue upon the defendant." Pendergrass, 937 S.W.2d at 838.

In State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003), the Tennessee Supreme Court held that it had "never applied a substantial compliance standard to the Preston requirements[.]" Instead, it reiterated that the Preston requirements regarding Rule 37 were "'explicit and unambiguous.'" Id. (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); Pendergrass, 937 S.W.2d at 837).

However, the Tennessee Supreme Court relaxed the Preston requirements slightly by allowing a certified question to be set out in an independent document, so long as the independent document is incorporated by reference into the judgment. Irwin, 962 S.W.2d at 479 (stating that a judgment may refer to, or incorporate, an independent document, thereby satisfying the requirements of Preston). In addition, the court held that corrective orders are permissible where a certified question has been omitted from a judgment; however, such orders must be filed while the trial court retains jurisdiction. Armstrong, 126 S.W.3d at 912-13 (concluding "that the trial court's corrective nunc pro tunc order entered after the final judgment while the trial court had jurisdiction and before the filing of a notice of appeal under Rule 36 of the Tennessee Rules of Criminal Procedure complied in all respects with the prerequisites for raising a certified question of law on appeal"). Once a notice of appeal is filed, the jurisdiction becomes vested in the appellate court, and the trial court may not amend its judgment. Pendergrass, 937 S.W.2d at 837.

Here, the "Special Conditions" section of the judgment form for the tampering with evidence conviction contained only the following language: "Reserving Certified Question of Law: Whether attempt to orally dispose of less than ½ oz. [sic] of marijuana seized in connection with misdemeanor arrest for simple possession constitutes felony tampering with evidence under T.C.A. [§] 39-16-503." Significantly, the judgment form does not reference an independent document. See Irwin, 962 S.W.2d at 479. The judgment is signed by the trial court but is not signed by the State or defense counsel. Because the judgment form is the final order in this case and does not reference an independent document, it must satisfy all of the Preston requirements. See id.; Armstrong, 126 S.W.3d at 912-13.

The plea petition, which was not incorporated by reference into the judgment, is signed by counsel for both parties and the trial court. In addition, the plea petition contains the following statement of the certified question: "Reserving Certified Question of Law[:] Whether the felony charge is a misdemeanor offense." This statement differs substantially from the statement of the certified question in the judgment form.

We conclude that the judgment form in this case does not conform to the requirements of Rule 37. First, the judgment form does not state "that the certified question was expressly reserved with the consent of the state and the trial court[.]" Tenn. R. Crim. P. 37(b)(A)(iii); State v. Michael R. King, M2006-01932-CCA-R3-CD, 2007 WL 2907279, at *3 (Tenn. Crim. App., at Nashville, Sept. 28, 2007) (dismissing the appeal in part because the judgment form failed to fulfill the requirements of Rule 37(b)(2)(A)(iii)); State v. Scott Eric McDonald, No. E2006-02568-CCA-R3-CD, 2007 WL 4460141, at *3 (Tenn. Crim. App., at Knoxville, Dec. 20, 2007) (holding that the mere statement of the certified question on the judgment form does not meet the explicit requirements of Rule 37(b)(A)(iii)). Second, the judgment form does not state "that the defendant, the state, and the trial court are of the

-5-

opinion that the certified question is dispositive of the case[.]" Tenn. R. Crim. P. 37(b)(A)(iv); see State v. Wilkes, 684 S.W.2d 663, 666-67 (Tenn. Crim. App. 1984) (holding that the failure of the parties and the court to certify the issue as dispositive precluded appellate review); State v. Jeffrey I. Parsons, No. M2011-00188-CCA-R3-CD, 2012 WL 335368, at *3 (Tenn. Crim. App., at Nashville, Feb. 1, 2012) (dismissing the appeal in part because the judgment did not state that the parties and the trial court were of the opinion that the certified question was dispositive of the case pursuant to Rule 37(b)(A)(iv)).

Although a certified question of law may be reserved when a nonconforming judgment incorporates an order or independent document that satisfies the requirements of Rule 37, the judgment form in this case incorporated no such order or document. See Irwin, 962 S.W.2d at 479; Jeffrey I. Parsons, 2012 WL 335368, at *3 (holding that "[a]lthough a Rule 37(b) appeal may be advanced when the otherwise nonconforming judgment incorporates by reference an existing document that satisfies the terms of the Preston–Pendergrass rule, . . . the judgment under review incorporated nothing." (internal citation omitted)). Because we are without jurisdiction to review this case, the appeal is dismissed.

Moreover, we agree with the State's assertion that even if Reed had properly reserved his certified question, the record is insufficient for our review. Reed failed to include in the appellate record the transcript of the hearing on his motion to dismiss and the transcript from his guilty plea hearing. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). Consequently, we conclude that the trial court's refusal to dismiss the felony charge of tampering with evidence and the trial court's acceptance of Reed's guilty pleas were proper.

## CONCLUSION

Upon review, we conclude that Reed failed to properly reserve a certified question. Because the question of law is not properly before this court, the appeal is dismissed for lack of jurisdiction.

_____
CAMILLE R. McMULLEN, JUDGE