IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 19, 2023 at Knoxville

**STATE OF TENNESSEE v. LANORIS CORDELL CARTER**

**Appeal from the Circuit Court for Lake County**
**No. 19-CR-10638   Tony Childress, Chancellor**

_____

**No. W2023-00448-CCA-R3-CD**

_____

Defendant, Lanoris Cordell Carter, appeals his Lake County Circuit Court conviction for tampering with evidence. He argues on appeal that the evidence was insufficient to support his conviction. Defendant asserts that throwing items out of a car window during an attempted traffic stop such that law enforcement could not recover the items is "mere abandonment" rather than concealment or destruction for purposes of the evidence tampering statute. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JILL BARTEE AYERS, and TOM GREENHOLTZ, JJ., joined.

M. Todd Ridley (on appeal), Assistant Public Defender – Appellate Division, Franklin, Tennessee; Sean Day, District Public Defender; and H. Tod Taylor (at trial), Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Lanoris Cordell Carter.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Andrew Hays and Lance Webb, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

On February 18, 2019, Tennessee Highway Patrol Trooper Anthony Jackson was on routine patrol on State Route 78 in Lake County, Tennessee. Trooper Jackson saw a black Dodge Charger drive by he believed was speeding. Trooper Jackson turned around

to pursue the vehicle and determined with his radar that the Charger was driving 69 miles per hour in a 55-mile-per-hour speed zone. Trooper Jackson activated his blue lights and siren to initiate a traffic stop. Trooper Jackson made eye contact with Defendant in Defendant's rear-view mirror and motioned for Defendant to pull over. Rather than stop, Defendant slowed down and Trooper Jackson saw Defendant throw "a small object" and a plastic baggie out of the window. Defendant continued down Route 78 for another three miles before stopping.

Trooper Jackson approached the Charger after it stopped and smelled an odor he believed was marijuana. Trooper Jackson ordered Defendant, the vehicle's driver and its sole occupant, out of the vehicle. Trooper Jackson asked Defendant for his license and Defendant responded that he did not have one. Defendant gave Trooper Jackson his identification and Trooper Jackson discovered that Defendant's driver's license was suspended. Trooper Jackson arrested Defendant for driving with a suspended license[1] and called for another officer so Trooper Jackson could search Defendant's vehicle.

Trooper Grant Montgomery arrived at the scene upon Trooper Jackson's call. Trooper Montgomery administered Defendant the *Miranda* warnings while Trooper Jackson searched Defendant's vehicle. After administering the warnings, Trooper Montgomery asked Defendant whether he had thrown anything out of the window during the traffic stop. Defendant told Trooper Montgomery that he had thrown "a little bit of marijuana" and a "blunt" out of the window.[2] Trooper Jackson found what he estimated to be around three grams of a "green leafy substance" in the driver's side floorboard and under the driver's seat of Defendant's vehicle.

As Troopers Jackson and Montgomery took Defendant to the Lake County jail, they stopped where Defendant had thrown the items out of his window in an attempt to find them. They found neither the baggie nor the small object. Trooper Jackson recalled at trial that February 18, 2019 was "a clear day, but very windy."

The Lake County Grand Jury indicted Defendant in July 2019 for one count of tampering with evidence and one count of simple possession of marijuana. Based on the testimony of Troopers Jackson and Montgomery, and with no additional proof from Defendant, a Lake County jury convicted Defendant of tampering with evidence. The jury acquitted Defendant of simple possession of marijuana.

---

[1] This offense is not at issue in this appeal and therefore merits no further discussion.

[2] Defendant unsuccessfully sought to suppress this statement before trial. The propriety of the trial court's ruling on that motion is not at issue here.

The trial court sentenced Defendant as a Range II, multiple offender to seven years' incarceration. Defendant timely appealed.

*Analysis*

Defendant argues on appeal that the evidence is insufficient to support his conviction for tampering with evidence because the evidence at trial demonstrated he merely abandoned the items he threw out of the window rather than concealing or destroying them for purposes of the tampering with evidence statute. The State argues that the evidence is sufficient. We agree with the State.

When examining whether the evidence presented at trial was sufficient to support a conviction, several well-settled principles guide our analysis. We determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The defendant bears the burden on appeal to demonstrate that the evidence is insufficient to support his conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

"[A] jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The State is entitled on appeal to "the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 79. Questions as to the credibility of witnesses and the weight of the evidence, as well as factual issues raised by such evidence, are resolved by the trier of fact, not this Court. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). These principles guide us "'whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Defendant was convicted here of tampering with evidence in violation of Tennessee Code Annotated section 39-16-503(a)(1). That statute provides, as relevant here:

(a)  It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to:

> (1)  Alter, destroy, or conceal any . . . thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding . . . .

T.C.A. § 39-16-503(a)(1).

"The State must prove beyond a reasonable doubt that the defendant altered, destroyed, or concealed a piece of evidence in the form of a record, document or thing" "with intent to impair its verity, legibility, or availability as evidence." *State v. Hawkins*, 406 S.W.3d 121, 132 (Tenn. 2013).  Our supreme court held in *Hawkins* that the defendant did not tamper with evidence when he threw a gun over a fence because the evidence "was not altered or destroyed," "its discovery was delayed minimally, if at all[,]" and it "retained its full evidentiary value." *Id.* at 138.  The court noted a "consensus" among jurisdictions that "when a person who is committing a possessory offense drops evidence in the presence of police officers, and the officers are able to recover the evidence with minimal effort, discarding the evidence amounts to mere abandonment, not tampering." *Id.* at 134 (citation and internal quotations omitted).

Defendant relies primarily on *Hawkins* and *State v. Patton*, 898 S.W.2d 732 (Tenn. Crim. App. 1994), to support his contention that the evidence is insufficient to support his conviction for tampering with evidence.  In *Patton*, which pre-dates *Hawkins*, this Court held that "the defendant's act of tossing aside a bag of marijuana during the course of flight from law enforcement officials did not fall within the definition of evidence tampering." *Id.* at 736.  Defendant asks us to reject the State's "categorical argument" that the evidence is sufficient because the troopers failed to recover the thrown objects.  However, whether the objects were found or the police were significantly delayed in finding them is precisely the question on which similar cases turn: the evidence is sufficient to support convictions for evidence tampering in cases where discovery of the evidence is delayed significantly or prevented altogether, and insufficient in cases where the police are delayed minimally in discovering the evidence.[3]  Indeed, *Hawkins* relies in part on this fact in reversing the defendant's conviction for tampering with evidence.  *See Hawkins*, 406 S.W.3d at 138 ("The evidence was not altered or destroyed, and its discovery was delayed minimally, if at all.").  Other recent cases support this distinction.  *See, e.g.*, *State v. Graves*, No. W2021-01478-CCA-R3-CD, 2023 WL 1873379, at *4 (Tenn. Crim. App. Feb. 9, 2023), *no perm.*

---

[3] This is why our supreme court declined to adopt a standalone abandonment doctrine in *Hawkins*: "If the evidence is not actually altered, concealed, or destroyed . . . then the application of a separate abandonment doctrine would be redundant." *Hawkins*, 406 S.W.3d at 138.

*app. filed*; *State v. Beasley*, No. W2021-00585-CCA-R3-CD, 2022 WL 2315732, at *4-5 (Tenn. Crim. App. June 28, 2022), *no perm. app. filed*; *State v. Ellis*, No. M2020-01451-CCA-R3-CD, 2021 WL 6065321, at *5-7 (Tenn. Crim. App. Dec. 22, 2021), *perm. app. denied* (Tenn. May 18, 2022).

This Court recently held in *State v. Hughes*, No. W2022-00571-CCA-R3-CD, 2023 WL 2159249 (Tenn. Crim. App. Feb. 22, 2023), *perm. app. denied* (Tenn. May 15, 2023), that the evidence was sufficient to support the defendant's conviction for tampering with evidence. When police attempted to initiate a traffic stop, the defendant threw a bag of marijuana out of the car window. *Id.* at *1. The marijuana was strewn about the roadway. *Id.* at *4. The police spent significant time collecting the marijuana and were unable to collect all of it. *Id.* This was dispositive in the panel's conclusion that the defendant's actions were more than "mere abandonment," and the evidence therefore sufficient to support his conviction. *Id.* (citing *Hawkins*, 406 S.W.3d at 134). We see no reason to depart from our previous logic in deciding this case.

Other cases Defendant cites are readily distinguishable from the facts here. In both *State v. Brown*, No. E2016-00314-CCA-R3-CD, 2017 WL 2464981 (Tenn. Crim. App. June 7, 2017), and *State v. Hill*, No. W2015-00688-CCA-R3-CD, 2015 WL 6522834 (Tenn. Crim. App. Oct. 28, 2015), the defendants retained possession of the evidence in question and it was almost immediately discovered by law enforcement. *Brown*, 2017 WL 2464981, at *7; *Hill*, 2015 WL 6522834, at *4. Here, by contrast, Defendant threw the items out of the car window and drove for another three miles before he stopped, and the items were never recovered, effectively resulting in their destruction.

The proof presented at trial showed that Trooper Jackson saw Defendant speeding and activated his blue lights and siren to initiate a traffic stop. Trooper Jackson made eye contact with Defendant and motioned for him to pull over. Defendant did not stop but slowed down, and Trooper Jackson saw a plastic baggie and a small object thrown out of the window. After he was administered *Miranda* warnings, Defendant told Trooper Montgomery that he had thrown some marijuana and a blunt out of the window. When the troopers looked for the items Defendant described in the location where he threw them out, the troopers could not find them. The items were never recovered.

Taking the above proof in the light most favorable to the State, we conclude that a rational jury could find beyond a reasonable doubt that Defendant, while knowing that an investigation was ongoing, destroyed or concealed the items he threw out of the window with the intent to impair their availability in a subsequent investigation or proceeding. The evidence is therefore sufficient to support Defendant's conviction for tampering with evidence. Defendant is not entitled to relief.

**CONCLUSION**

For the above reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE