to promote the common good."'"[71] In essence, discontinuance provisions work gradually over time to eliminate nonconforming uses, a recognized good. And, as in *Leisz*, the regulation here did not outright terminate the nonconforming use, but, rather, allowed Rodehorst to continue the nonconforming use if it did not discontinue the use for 1 year. As in *Leisz*, "[t]he power to protect the property interest rest[ed] solely with the landowner."[72] For these reasons, we conclude that the discontinuance provision at issue here did not work a taking on Rodehorst.

## VI. CONCLUSION

We conclude that Rodehorst discontinued its nonconforming use for 1 year and therefore forfeited its right to continue the use under the relevant zoning laws. We also conclude that the Board did not have authority to grant Rodehorst a use variance and that there was not a taking of Rodehorst's property.

AFFIRMED.

HEAVICAN, C.J., participating on briefs.

---

[71] See *Scofield, supra* note 43, 276 Neb. at 232-33, 753 N.W.2d at 359 (citing *Penn Central, supra* note 58).

[72] *Leisz, supra* note 62, 702 N.E.2d at 1031.

---

STATE OF NEBRASKA, APPELLEE, V.
ANDRE D. ROBINSON, APPELLANT.
___ N.W.2d ___

Filed March 28, 2014.    No. S-13-575.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.
3. ____: ____. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.
4. ____: ____. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland*

*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

5. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. The two prongs of this test, deficient performance and prejudice, may be addressed in either order.

6. **Postconviction: Effectiveness of Counsel: Records: Appeal and Error.** In order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review.

7. **Due Process: Trial: Confessions.** It is a violation of the Due Process Clause to use a defendant's involuntary statement against him at a criminal trial.

8. **Records: Appeal and Error.** It is incumbent upon an appellant to supply a record which supports his or her appeal.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Andre D. Robinson, pro se.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Andre D. Robinson was convicted of knowing or intentional child abuse resulting in death and was sentenced to life imprisonment. We affirmed his conviction and sentence.[1] Robinson then filed a petition for postconviction relief. Following an evi-

---

[1] *State v. Robinson*, 278 Neb. 212, 769 N.W.2d 366 (2009).

dentiary hearing, his petition was dismissed. Robinson appeals. We affirm.

## BACKGROUND

Robinson was convicted of child abuse resulting in death and was sentenced to life imprisonment. The facts underlying this conviction are reported in our opinion in *State v. Robinson*.[2]

Briefly stated, the victim, Branesha Thomas, 22 months old, was brought into a hospital emergency room in Omaha, Nebraska, by her mother, Tanisha Turner, and Robinson. Turner was a girlfriend of Robinson's, but Robinson was not Branesha's father. Branesha was not breathing and had multiple bruises on her head, face, and chest. Branesha died of her injuries.

Initially, Turner reported that Branesha had fallen off her bed. Later, she informed investigators that she and Branesha had spent the day with "Eric" and had gone to the Chuck E. Cheese's and Burger King restaurants. The next day, Turner again changed her story, informing police investigators that she had actually spent the day before with a friend, while Branesha had been left with Robinson. Turner explained that she had initially lied because she did not want her mother to know that she had left Branesha with Robinson.

Robinson denied that he had caused Branesha's injuries. He indicated that Branesha had fallen off her bed, but had seemed fine. But, Robinson said, after eating at Chuck E. Cheese's, Branesha fell asleep in his car and could not be awakened. An autopsy revealed that Branesha had suffered multiple bruises, abrasions, and contusions, as well as fractured ribs and a fractured humerus bone. The pathologist testified that Branesha's injuries were caused by blunt force trauma and were inconsistent with Robinson's contention that Branesha had fallen off a bed.

During the investigation that followed Branesha's death, Robinson was interviewed by police. During the course of that interview, Robinson admitted that he had accidentally kicked Branesha.

---

[2] *Id*.

Following his conviction, Robinson appealed to this court. On appeal, Robinson, represented by different counsel than at trial, assigned as error that (1) the evidence was insufficient to support his conviction, (2) the trial counsel was ineffective in failing to object to the removal of the instruction regarding the voluntariness of statements, (3) the district court erred in giving a supplemental instruction in response to a jury question, and (4) his sentence was excessive. We addressed his first, third, and fourth assignments, but declined to address the second, concluding that the record was insufficient to address an ineffective assistance of counsel claim on direct appeal.[3]

On May 6, 2011, Robinson filed a pro se petition for postconviction relief. He was appointed counsel and granted an evidentiary hearing. Counsel then filed an amended petition for postconviction relief, incorporating by reference the original petition and adding new allegations.

In his amended petition, Robinson alleges several errors on the part of the trial court and several corresponding errors relating to the ineffectiveness of trial counsel and appellate counsel. In particular, Robinson alleges that the trial court erred in (1) not holding a hearing on the voluntariness of the statements made to law enforcement on its own motion and (2) failing to instruct the jury regarding the voluntariness of the statements made to law enforcement. Robinson further alleges that his trial counsel was ineffective for failing to (1) file a motion to suppress statements made to law enforcement, (2) request a hearing on the voluntariness of statements made to law enforcement, (3) object to the removal of the voluntariness instruction, and (4) call certain witnesses that might have shown that Branesha was not in Robinson's sole custody the day of the accident.

Following a hearing, the district court dismissed his petition. Robinson, again pro se, appeals.

## ASSIGNMENTS OF ERROR

On appeal, Robinson assigns that the district court erred in finding that (1) appellate counsel was not ineffective for failing

[3] *Id.*

to raise errors of trial counsel, (2) trial counsel was not ineffective for failing to object to a jury instruction on the voluntariness of one of Robinson's statements, and (3) Robinson was procedurally barred from raising allegations of ineffectiveness of trial counsel.

## STANDARD OF REVIEW

[1] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[4]

[2-4] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[5] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[6] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[7] an appellate court reviews such legal determinations independently of the lower court's decision.[8]

## ANALYSIS

[5] Robinson's argument on appeal, restated and consolidated, is that the district court erred in dismissing his petition for postconviction relief. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with *Strickland v. Washington*,[9] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[10] Next, the defendant

---

[4] *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012).

[5] *State v. Poe*, 284 Neb. 750, 822 N.W.2d 831 (2012).

[6] *Id*.

[7] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[8] *State v. Poe*, *supra* note 5.

[9] *Strickland v. Washington*, *supra* note 7.

[10] See *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

must show that counsel's deficient performance prejudiced the defense in his or her case.[11] In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[12] The two prongs of this test, deficient performance and prejudice, may be addressed in either order.

[6] In order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review.[13]

As an initial matter, we agree with both Robinson and the State that the district court erred insofar as it found that Robinson's allegations on the issues relating to the voluntariness of Robinson's statements to law enforcement were procedurally barred. Appellate counsel raised the issue of the jury instruction on direct appeal, and as such, this issue is preserved. And in his postconviction motion, Robinson alleged that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in not requesting a hearing on the voluntariness of Robinson's statements and also in not filing a motion to suppress those statements. We therefore turn to the merits of Robinson's claim that trial counsel was ineffective for failing to request a voluntariness hearing, for failing to file a motion to suppress his statements, and for not objecting to the lack of a jury instruction on the issue of whether Robinson's statements were voluntary.

We first turn to Robinson's arguments that counsel was ineffective for failing to request a hearing on the voluntariness of Robinson's statements and for failing to file to suppress those statements.

---

[11] See *id*.

[12] *State v. Poe, supra* note 5.

[13] *State v. Watt, supra* note 10.

[7] We conclude that counsel's performance was not ineffective. It is a violation of the Due Process Clause to use a defendant's involuntary statement against him at a criminal trial.[14] And had the State offered the statements in question, the State would have had the burden to prove that they were voluntarily made.[15] But the record shows the State did not offer the statements in question into evidence, but, rather, Robinson did, because the statements were relevant to his defense that he would have said anything to law enforcement, including making a confession, in order to end the interview. In fact, the record suggests that the State believed that the statements might have been coerced and declined to offer them. Thus, a hearing on the voluntariness of the statements was unnecessary, as was the filing of a motion to suppress, and trial counsel's performance was not deficient in failing to pursue these options.

Nor was counsel ineffective for failing to object to the judge's apparent failure to instruct the jury on the voluntariness of the statements at issue. The proposed instruction that the court declined to give is not included in the record, though Robinson suggests that it is the pattern jury instruction found in the Nebraska Jury Instructions.[16] We noted in our opinion on direct appeal that for the purpose of reviewing the allegations of ineffective assistance of trial counsel, we would not presume that the pattern instruction was the instruction that the trial court declined to give.[17]

[8] But it would appear that the original proposed instruction was not preserved. It is incumbent upon an appellant to supply a record which supports his or her appeal.[18] Robinson failed to do so. As such, we have no instruction to review in order to determine whether it ought to have been given.

---

[14] *State v. Seberger*, 279 Neb. 576, 779 N.W.2d 362 (2010).

[15] *State v. McClain*, 285 Neb. 537, 827 N.W.2d 814 (2013).

[16] See NJI2d Crim. 6.0.

[17] *State v. Robinson, supra* note 1.

[18] *State v. Seberger*, 284 Neb. 40, 815 N.W.2d 910 (2012).

And even if we were to assume that it was the pattern jury instruction that the court declined to give, Robinson's argument would still be without merit. The instruction provides:

> There has been evidence that defendant, (here insert name), made a statement to (a law enforcement officer, here identify person to whom statement was made). You may rely on any such statement only if you decide beyond a reasonable doubt [with regard to each statement]:
>
> (1) that the defendant made the statement; and
>
> (2) that the defendant understood what (he, she) was saying; and
>
> (3) that the statement was freely and voluntarily made under all the circumstances surrounding its making.
>
> If you decide that the state did not prove these three things beyond a reasonable doubt then you must disregard (the, that particular) statement even if you think it is true.[19]

But this instruction simply makes no sense in the context where the defendant introduced the statement precisely to show that it was involuntary, as was the case here. As such, trial counsel was not deficient in failing to object when the trial court declined to give the instruction. Nor was Robinson prejudiced by the trial court's failure to give this instruction. The district court did not err in dismissing Robinson's petition for postconviction relief.

## CONCLUSION

The order of the district court dismissing Robinson's petition for postconviction relief is affirmed.

AFFIRMED.

---

[19] NJI2d Crim. 6.0.