768 N.W.2d 447 (2009)
278 Neb. 180
STATE of Nebraska, appellant,
v.
James A. LASU, appellee.
No. S-08-841.
Supreme Court of Nebraska.
July 24, 2009.
*449 Gail A. VerMaas and Lynelle D. Homolka, Deputy Hall County Attorneys, for appellant.
Gerard A. Piccolo, Hall County Public Defender, Grand Island, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
James A. Lasu was charged with tampering with physical evidence[1] after he attempted to discard a bag of marijuana, in an apparent attempt to prevent a police officer from finding it on his person. The question presented in this case is whether an individual commits the offense of tampering with physical evidence if he discards contraband without making an active attempt to conceal or destroy it.

BACKGROUND
Eric Olsen, a patrol officer with the Grand Island Police Department, testified that on November 24, 2007, he and another officer responded to a report of an assault in the parking lot of a gas station. After Olsen had been there for about 10 minutes, Lasu and another person arrived. Lasu had a laceration on his face and said he had been assaulted. The other officer asked Lasu about a plastic bag that was sticking out of Lasu's pocket. Lasu removed the bag from his pocket, and it contained a small amount of marijuana. Lasu gave Olsen the small bag of marijuana, then said he wanted to go to the bathroom and also buy a pack of cigarettes. Lasu went into the store, with Olsen following.
Olsen testified that as Lasu rounded the corner toward the cigarettes, Lasu reached into his right cargo pocket and removed another, larger bag of marijuana, which had not been visible before. Lasu threw the bag into a large cardboard bin of snack foods, and it landed on top. Lasu did not attempt to conceal the bag in the *450 bin. Olsen immediately retrieved the bag and arrested Lasu.
Lasu was charged by information with one count of possession of more than an ounce but less than a pound of marijuana and one count of tampering with physical evidence. Section 28-922(1)(a) provides that a person commits the offense of tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted, he "[d]estroys, mutilates, conceals, removes, or alters physical evidence with the intent to impair its verity or availability in the pending or prospective official proceeding."
Lasu filed a plea in abatement, which was submitted to the district court on the record that had been made at a preliminary hearing. The court found that Lasu did not "conceal" the marijuana, because he made no attempt to hide it in the bin into which it had been thrown. The court also found that while Lasu arguably "removed" the marijuana, the removal did not impair its verity or availability. And the court reasoned that while Lasu might have believed that an official proceeding was pending or about to be instituted with respect to the assault or the small bag of marijuana, he had no knowledge of any potential proceeding relating to the large bag of marijuana, because it had not yet been discovered.
Finding the evidence insufficient to show that an offense had been committed, the court sustained Lasu's plea in abatement and discharged him on the count of tampering with physical evidence. The State filed notice of its intent to appeal, and this error proceeding was docketed in the Nebraska Court of Appeals.[2] We moved the error proceeding to our docket pursuant to our authority to regulate the dockets of this court and the Court of Appeals.[3]

ASSIGNMENTS OF ERROR
The State assigns that the district court erred in sustaining Lasu's plea in abatement and discharging him on the charge of tampering with physical evidence.

STANDARD OF REVIEW
[1] This case turns on the meaning of § 28-922(1)(a). The meaning of a statute is a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[4]

ANALYSIS
[2-4] This error proceeding arises from a plea in abatement. A plea in abatement can be made when there is a defect in the record which can be established only by extrinsic evidence.[5] A plea in abatement is used to challenge the sufficiency of the evidence at a preliminary hearing.[6] To resist a challenge by a plea in abatement, the evidence received by the committing magistrate need show only that a crime was committed and that there is probable cause to believe that the accused committed it.[7] The evidence need *451 not be sufficient to sustain a verdict of guilty beyond a reasonable doubt.[8]
[5] In this case, there is no question that Lasu was the individual who committed the allegedly criminal act. Therefore, the issue is simply whether the evidence was sufficient to show that Lasu committed the crime of tampering with physical evidence. Section 28-922(1) provides:
A person commits the offense of tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he:
(a) Destroys, mutilates, conceals, removes, or alters physical evidence with the intent to impair its verity or availability in the pending or prospective official proceeding ....
It is not disputed that Lasu was without legal right or authority to dispose of physical evidence and that the marijuana was "physical evidence" within the meaning of the statute.[9] And we do not agree with the district court's conclusion that the evidence was insufficient to show that Lasu believed an official proceeding was about to be instituted. It is reasonable to infer that Lasu threw away his marijuana because he was afraid of being arrested and searchedin fact, it is hard to imagine another reasonable explanation for his actions.[10] It is also apparent that Lasu did not destroy, mutilate, or alter the evidence when he discarded it, or do anything that would affect its verity.
The remaining question is whether, when Lasu discarded the evidence, he concealed or removed it with the intent to impair its availability. In that regard, courts considering effectively identical statutory language have uniformly concluded that when a defendant merely drops, throws down, or abandons evidence in the presence of law enforcement, such conduct will not sustain a conviction for tampering with physical evidence.[11] Those courts have drawn a distinction between concealing evidence and merely abandoning it.[12] It has also been noted that if the felony offense of tampering with evidence is extended to circumstances such as these, it would apply to practically any person in possession of contraband who took steps to prevent it from being discovered.[13] This would have the effect of converting misdemeanor possession crimes into felonies, without a clear legislative directive to do so.[14]
[6-9] We find those courts' reasoning to be persuasive, and likewise hold that the crime of tampering with physical evidence, as defined by § 28-922(1)(a), does not include mere abandonment of physical evidence in the presence of law enforcement. In reaching that conclusion, we are mindful of the "fundamental principle" of statutory *452 construction that requires penal statutes to be strictly construed.[15] And in reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[16] To "conceal" or "remove" physical evidence, in this context, is to act in a way that will prevent it from being disclosed or recognized.[17] We decline to extend that statutory language to cover circumstances in which the evidence at issue was made more apparent, not less.
In that respect, this situation is easily distinguishable from cases in which a defendant's method of disposing of evidence would also have the effect of making its recovery impossiblefor instance, swallowing drugs,[18] throwing them into a drain,[19] or scattering powder cocaine out the window of a speeding car.[20] Nor is this a case in which the defendant placed evidence where it was unlikely to be discovered.[21]
Instead, Lasu placed the evidence where it was quite likely to be discovered, even if he hoped that it might be less associated with him. It is important not to confuse his intentions with his physical actions.[22] Even if Lasu meant to make it more difficult to find the contraband and connect it to him, he did not remove it from the scene of the possessory offense, nor did he actually conceal it when he abandoned it.[23] He made the evidence easier to find, even if it was not found on him. All Lasu attempted to conceal was the fact of his possession of the evidencenot the evidence itself.
And we note that the possessory offense with which Lasu was charged, possession of more than an ounce but less than a pound of marijuana, was at the time of the offense a Class IIIA misdemeanor, punishable by a maximum of 7 days' imprisonment, a $500 fine, or both.[24] Tampering with physical evidence, however, is a Class IV felony, punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both.[25] It would be contrary to our basic principles of statutory construction, and to common sense, to conclude that a misdemeanor possession of marijuana would become a Class IV felony because the defendant drops the contraband in plain view.
In the absence of a clear legislative directive that the crime of tampering with evidence extends to circumstances such as these, we conclude that it does not. Lasu may have abandoned physical evidence, intending to prevent it from being found on his personbut he neither concealed nor removed it from the scene of the crime, nor did he do anything that would prevent its recovery. Therefore, the district court *453 correctly concluded that Lasu did not violate § 28-922(1)(a).

CONCLUSION
The evidence was not sufficient to establish that Lasu committed the crime of tampering with physical evidence, and the district court correctly granted his plea in abatement. The State's exception to that ruling is overruled.
EXCEPTION OVERRULED.
NOTES
[1] See Neb.Rev.Stat. § 28-922(1)(a) (Reissue 2008).
[2] See Neb.Rev.Stat. § 29-2315.01 (Reissue 2008).
[3] See Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[4] See State v. Arterburn, 276 Neb. 47, 751 N.W.2d 157 (2008).
[5] See, Neb.Rev.Stat. § 29-1809 (Reissue 2008); State v. Loyd, 269 Neb. 762, 696 N.W.2d 860 (2005).
[6] See, State v. Hill, 255 Neb. 173, 583 N.W.2d 20 (1998); State v. Lehman, 203 Neb. 341, 278 N.W.2d 610 (1979); State v. Franklin, 194 Neb. 630, 234 N.W.2d 610 (1975).
[7] See State v. Bottolfson, 259 Neb. 470, 610 N.W.2d 378 (2000).
[8] Id.
[9] See § 28-922(2).
[10] See, e.g., Timberlake v. U.S., 758 A.2d 978 (D.C.2000); Lumpkin v. State, 129 S.W.3d 659 (Tex.App.2004).
[11] See, In re Juvenile 2003-187, 151 N.H. 14, 846 A.2d 1207 (2004); Com. v. Delgado, 544 Pa. 591, 679 A.2d 223 (1996); Evans v. State, 997 So.2d 1281 (Fla.App.2009); In re M.F., 315 Ill.App.3d 641, 734 N.E.2d 171, 248 Ill. Dec. 463 (2000); Hollingsworth v. State, 15 S.W.3d 586 (Tex.App.2000); Vigue v. State, 987 P.2d 204 (Alaska App.1999); State v. Sharpless, 314 N.J.Super. 440, 715 A.2d 333 (1998); State v. Patton, 898 S.W.2d 732 (Tenn.Crim.App.1994). See, also, State v. Jones, 983 So.2d 95 (La.2008) (collecting cases).
[12] See, Delgado, supra note 11; Evans, supra note 11; Patton, supra note 11.
[13] See, e.g., Delgado, supra note 11; Vigue, supra note 11; Sharpless, supra note 11; Patton, supra note 11.
[14] See id.
[15] State v. Hamik, 262 Neb. 761, 769, 635 N.W.2d 123, 130 (2001).
[16] State v. Rieger, 270 Neb. 904, 708 N.W.2d 630 (2006).
[17] See In re Juvenile 2003-187, supra note 11.
[18] See, Timberlake, supra note 10; Lumpkin, supra note 10.
[19] See Hayes v. State, 634 So.2d 1153 (Fla. App.1994).
[20] See State v. Mendez, 175 N.J. 201, 814 A.2d 1043 (2002).
[21] See State v. Daoud, 158 N.H. 334, 965 A.2d 1136 (2009).
[22] See, In re Juvenile 2003-187, supra note 11; In re M.F., supra note 11.
[23] See id.
[24] See Neb.Rev.Stat. §§ 28-416(11) (Cum. Supp.2006) and 28-106 (Reissue 2008).
[25] See § 28-922(3) and Neb.Rev.Stat. § 28-105 (Cum.Supp.2002).