

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0669-13

**GREGORY THORNTON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

COCHRAN, J., filed a dissenting opinion in which MEYERS and JOHNSON, JJ., joined.

### DISSENTING O P I N I O N

I respectfully dissent. Appellant was undeniably guilty of the Class C misdemeanor of possession of drug paraphernalia. Little did he know that, by clumsily trying to abandon his crack pipe, he was setting himself up for a third-degree felony conviction for tampering with evidence, and, because of his priors, a sentence of 45 years' imprisonment. The Seventh Court of Appeals found the evidence insufficient to support the element of "concealment," but this Court reforms the judgment to reflect the separate offense of "attempted" tampering

with evidence and remands for a new punishment hearing.  I think that this was a Class C offense from beginning to end.  I disagree that evidence of a person throwing down contraband during a police pursuit or detention is sufficient, by itself, to constitute either concealment or attempted concealment for purposes of our tampering-with-evidence statute. That act of abandoning contraband demonstrates prior possession of it, not its concealment.[1]

Our tampering-with-evidence statute, Section 37.09 of the Penal Code, is based on the corresponding Model Penal Code provision, Section 241.7.[2]  According to the Tennessee Supreme Court, some twenty-nine jurisdictions have enacted statutes based on Section 241.7.[3]  "Most, if not all, jurisdictions that utilize a version of Section 241.7 of the Model

---

[1] For example, in *State v. Lasu*, 768 N.W.2d 447 (Neb. 2009), the defendant walked through a service station, followed by a police officer.  When he rounded a corner, the defendant dropped his baggie of marijuana into a large bin full of snack foods. The defendant made no effort to cover the drugs.  When the officer walked by, he saw the drugs sitting in the bin and retrieved them.  *Id.* at 449-50. The Nebraska Supreme Court found that this act was mere abandonment because the defendant did not discard the evidence in a place "where it was unlikely to be discovered."  Instead, he "placed the evidence where it was quite likely to be discovered, even if he hoped that it might be less associated with him. . . . All [the defendant] attempted to conceal was the fact of his possession of the evidence—not the evidence itself." *Id.* at 452.

[2] Section 241.7 of the Model Penal Code provides,
A person commits a misdemeanor if, believing that an official proceeding or investigation is pending or about to be instituted, he:
(1)     alters, destroys, conceals or removes any record, document or thing with purpose to impair its verity or availability in such proceeding or investigation; or
(2)     makes, presents or uses any record, document or thing knowing it to be false and with purpose to mislead a public servant who is or may be engaged in such proceeding or investigation.
MODEL PENAL CODE § 241.7 (1962).

[3] *State v. Hawkins*, 406 S.W.3d 121, 133 (Tenn. 2013).

Penal Code have recognized that a defendant does not violate the statute when he or she merely 'abandons' physical evidence of a street crime while running from police or fleeing the scene of the crime."[4]

This case comes at a time when tampering or obstruction-of-justice laws are being "used increasingly against drug offenders who, in some fashion, attempt to destroy or conceal their drugs when being pursued by police."[5] But most states that have considered the matter have concluded that when

> a defendant merely drops, throws down, or abandons drugs in the vicinity of the defendant and in the presence and view of the police, this conduct does not constitute concealment that will support an evidence-tampering or obstruction charge, or a conviction that is additional to and separate from the ongoing possessory offense.[6]

---

[4] *Id.*

[5] John F. Decker, *The Varying Parameters of Obstruction of Justice in American Criminal Law,* 65 LA. L.REV. 49, 51–52 (2004).

[6] *In re M.F.*, 734 N.E.2d 171, 178 (Ill. 2000); *see also Hawkins*, 406 S.W.3d at 134 ("In the wake of *Boice* [*v. State*, 560 So.2d 1383 (Fla. Dist. Ct. App. 1990)], [*State v.*] *Patton* [898 S.W.2d 732, 736 (Tenn. Crim. App. 1994)], and similar decisions, the jurisdictions that have enacted statutes based on Section 241.7 of the Model Penal Code have developed a 'unanimous' consensus that when a person who is committing a possessory offense drops evidence in the presence of police officers, and the officers are able to recover the evidence with minimal effort, discarding the evidence amounts to 'mere abandonment,' not tampering."); *People v. Comage*, 946 N.E.2d 313, 317 (Ill. 2011) (quoting and relying upon *In re M.F.* in concluding that defendant did not "conceal" crack pipe and push rod within the meaning of the obstructing justice statute when he threw the pipe over a privacy fence while being chased by police; although items were briefly out of officers' sight, the officers saw defendant throw them, they landed about ten feet away, and officers were easily able to walk around the fence and recover them, so defendant did not materially impede the officers' investigation); *Harris v. State*, 991 A.2d 1135, 1140 (Del. 2010) ("Whether the defendant briefly hides evidence on a rooftop or in his mouth, if the police perceive the act of concealment and could immediately retrieve the evidence, the defendant has failed to 'suppress' the evidence"); *Vigue v. State*, 987 P.2d 204, 206 (Alaska Ct. App. 1999) (noting that courts addressing issue of whether

As the New Hampshire Supreme Court explained in holding that a juvenile did not "conceal" a cigarette pack for purposes of the tampering-with-evidence statute when he made eye contact with the police officer coming toward him,

> The juvenile may have intended to make it less likely that the cigarette pack would be associated with him or come to Officer Covie's attention by ridding his hands of it and abandoning it in the crowded hallway. It is important, however, not to confuse the juvenile's intent with his physical actions. [The tampering statute] uses the term "conceals" to define the *actus reus* of the offense. In addition to the *actus reus*, the statute also requires proof of a culpable mental state—here, the juvenile's intent to "impair [the] verity or availability" of the evidence. That the juvenile may have intended to make it more difficult for Officer Covie to detect the contraband does not mean that the juvenile concealed the contraband when he abandoned it.[7]

Courts have also held that the same act of discarding contraband in the presence of police officers does not suffice to establish the offense of *attempted* tampering with evidence.[8]

---

defendant who drops or tosses contraband away when detained by police "unanimously agree that a defendant's act of dropping or tossing away evidence in the sight of the police does not constitute the *actus reus* of tampering with physical evidence."); *In re Juvenile 2003-187*, 846 A.2d 1207, 1209-10 (N.H. 2004) (juvenile did not "conceal" cigarette pack when he threw it to floor and ran away through crowded school hallway); *Boice v. State*, 560 So.2d 1383 (Fla. Dist. Ct. App. 1990); *State v. Patton*, 898 S.W.2d 732, 736 (Tenn. Crim. App. 1994).

[7] *In re Juvenile 2003-187*, 846 A.2d at 1210.

[8] *Vigue*, 987 P.2d at 210-11 ("One could argue that, even if Vigue did not succeed in suppressing or concealing the cocaine, he nevertheless tried to do so, and so his conviction should be reduced to attempted evidence-tampering. Again, this would make sense if we interpreted the terms 'suppress' and 'conceal' broadly. But, like the courts of our sibling states, we are persuaded to give a narrow interpretation to the terms 'suppress' and 'conceal.' We are convinced that a broad reading of these terms would lead to results that are inexplicably harsh and probably not within the legislature's intent"; noting that, under state law, persons under 21 who smoke a cigarette (a violation punishable by fine only) would be subject to felony convictions and penalties if they "hid cigarettes in a pocket or purse when police officers approached" and "minor possessory offenses would often be converted to felonies with little reason."); *Stepovich v. State*, 299 P.3d 734, 741-42 (Alaska Ct. App. 2013) (State could not convict defendant of attempted tampering with evidence

These courts have expressed three rationales for their holding: (1) the defendant's act of discarding contraband in the presence of, and in view of, police is an act of abandonment, not concealment for purposes of the tampering statute;[9] (2) the defendant's unsuccessful attempt to rid himself of contraband did not, in fact, impair its availability as evidence;[10] and

---

when his conduct neither impaired the recovery nor the availability of the evidence); *Harris*, 991 A.2d at 1138 (defendant's attempt to conceal baggie containing marijuana by putting it in his mouth did not support conviction for tampering or attempted tampering with evidence; offense of tampering with evidence "criminalizes neither inchoate tampering nor tampering with items, but, rather, successful suppression of evidence. . . . It does not apply to an *attempted* 'act of concealment, alteration or destruction.' Rather, it applies when the defendant 'suppresses' the evidence by *actual* completed concealment, alteration, or destruction."); *E.I. v. State*, 25 So.3d 625, 627-28 (Fla. Dist. Ct. App. 2009) (juvenile could not be adjudicated for offense of "attempted tampering with evidence" when he tossed driver's package of methamphetamine out window in clear sight of officer; "While E.I. was clearly trying to disassociate himself from the package, there is nothing about this act under the circumstances presented here that shows that E.I. was trying to alter, destroy, or conceal the package. Further, while E.I. did remove the package from his hand, he did not remove it from the scene of the traffic stop. Thus, this act was factually and legally nothing more than abandonment, and the trial court should have granted E.I.'s motion for judgment of dismissal.").

[9] *Commonwealth v. Delgado*, 679 A.2d 223, 224-25 (Pa. 1996) (defendant's act of "discarding contraband in plain view of the pursuing officer" did not constitute tampering with evidence because he had not destroyed, altered, nor concealed evidence within the meaning of the statute; defendant's conduct amounted to "nothing more than an abandonment of the evidence."); *State v. Sharpless*, 715 A.2d 333, 342 (N.J. Super. Ct. App. Div. 1998) (addressing whether defendant's "act of discarding criminal contraband upon the approach of a police officer constitute[d] evidence tampering within the intent of [the New Jersey statute]"; holding that it did not; it was mere abandonment of the contraband); *McKinney v. State*, 640 So.2d 1183, 1185 (Fla. Dist. Ct. App. 1994) ("[A] brief interruption of a police officer's visual contact with physical evidence that is on or near one's body is not sufficient to constitute concealment").

[10] *Comage*, 946 N.E.2d at 319 (noting that those courts that have upheld convictions for evidence when the defendant swallowed contraband in the hope that it will go unrecovered is not merely that it was temporarily out of the police officer's sight, but that the defendant "had, in fact, materially impeded the officer's investigation"); *Anderson v. State*, 123 P.3d 1110, 1119 (Alaska Ct. App. 2005) ("This is not to say that the act of tossing away evidence can never constitute evidence tampering. The test appears to be whether the defendant disposed of the evidence in a manner that destroyed it or that made its recovery substantially more difficult or impossible."); *Harris*, 991 A.2d at 1138 (no "concealment" when contraband was "immediately retrievable"); *compare State v.*

(3) the legislature surely did not intend that the defendant's act of discarding drugs–a felony offense if tampering with evidence–should be punished more severely than his offense of possessing those same drugs.[11]   As a Florida court explained, its legislature did  not intend to impose additional felony charges on a person who discards a misdemeanor amount of contraband while being observed by pursuing police officers:

> If the defendants' [conduct] in this case constituted tampering [with evidence], then a nineteen-year-old who threw a can of beer from his car when stopped by a police officer would commit not only the second-degree misdemeanor of possession of alcoholic beverages, but also the third-degree felony of tampering with the evidence. We do not believe that the legislature intended an additional felony under such circumstances.[12]

_____

*Mendez*, 814 A.2d 1043, 1050 (N.J. 2002) (upholding tampering conviction of defendant who held a bag of powder cocaine outside the window of his car and allowed the wind to disperse the powder; even though he performed this action in the sight of the pursuing police, his conduct essentially precluded all efforts to recover the evidence; holding that one who possesses and then destroys cocaine has completed a possessory offense and then taken a new step in completing a separate offense involving destruction of physical evidence; the act of preventing "an intact retrieval" of the cocaine completes the evidence-tampering offense); *see generally*, 67 C.J.S. *Obstructing Justice* § 1, at 67 (2002) ("The phrase 'obstructing justice' as used in connection with offenses arising out of such conduct means impeding or obstructing those who seek justice in a court[.]"); U.S. Sentencing Guidelines Manual § 3C1.1 (2010) (under federal sentencing guidelines, a defendant's attempt to swallow or throw away a controlled substance is not, by itself, sufficient to warrant an adjustment for obstruction unless it results in a "material hindrance" to the official investigation).

[11] *Delgado*, 679 A.2d at 225 (noting that Pennsylvania law classifies tampering with physical evidence as a higher degree of crime than possession of cocaine; "Under these circumstances, we do not believe that the General Assembly intended the simple act of abandoning [contraband] in plain view of the police to constitute the commission of an additional crime of a greater degree.").

[12] *Boice v. State*, 560 So.2d 1383, 1385 (Fla. Dist. Ct. App. 1990); *see also State v. Patton*, 898 S.W.2d 732, 736 (Tenn. Crim. App. 1994) (citing *Boice* and stating "we do not believe that the legislature intended to inflict greater punishment upon an individual for attempting to discard evidence [of a crime] than he would receive for commission of the crime. Statutes must not be construed in a manner which may lead to absurd results. . . .  If 'mere abandonment' of contraband falls within the class of [conduct] made criminal by [the evidence-tampering statute], there is a substantial likelihood of an unreasonable result. Thus, . . . [e]ven if the factual allegations within the

Many of these cases hold that the evidence is insufficient to support a tampering conviction because there is no evidence that the defendant specifically intended to conceal evidence *with the intent to impair its usefulness at a future trial*.  Instead, the evidence shows that the defendant merely intended to distance himself from the evidence.  As in "What?  Who me?  That's not my crack pipe."[13]  As Justice Yeakel explained in *Hollingsworth v. State*,[14] the evidence was insufficient in that case to prove that the defendant was carrying cocaine in his mouth with the specific intent to impair its availability as evidence.  Rather, he was carrying it in mouth "because that is how crack cocaine is commonly carried, undoubtedly to keep it from public view."[15]  When the defendant saw police officers, he spit it out–an act that *exposed* the cocaine to the officer's view.[16]  In most of these abandonment

-----

indictment are accurate, the defendant, in our view, has not violated the [evidence-tampering] statute.").

[13] *See In re Juvenile 2003-187*, 846 A.2d 1207, 1209-10 (N.H. 2004); *State v. Lasu*, 768 N.W.2d 447, 452 (Neb. 2009).

[14] 15 S.W.3d 586, 595 (Tex. App.–Austin 2000, no pet.).

[15] *Id.*

[16] *Id.*  According to the New Jersey Superior Court, in posing the hypothetical of a defendant who carried his cocaine in his sock, the State's theory would require a person to "have the cocaine in plain view" to avoid committing the separate felony crime of tampering with evidence by concealment as well as the underlying crime of drug possession.  *Sharpless*, 715 A.2d at 343 (quoting *Fuqua v. State*, 696 A.2d 44, 46 (N.J. Super. Ct. App. Div. 1997) (concluding that "If the State is correct, all illegal substances, weapons, and even illicit reading material, would be required to be carried in plain view or else the possessor could be convicted of a third- or fourth-degree crime or of a disorderly persons offense, in addition to any other substantive offense.")).  Like the Austin Court of Appeals in *Holloway*, out-of-state courts have uniformly rejected this position.  And what about the girl who keeps a marijuana joint in the car console?  Or the teenager with an unprescribed pill in her pocket or two beer cans in the cooler?  Or the elderly woman who shoplifts a $1.00 candy bar (a Class C theft) and then tosses it away when a police officer yells, "Stop, thief!"

cases, the defendant's act of abandonment *exposes*, rather than *conceals*, the contraband.

Prosecutions for *attempted* tampering with the evidence are even more untenable. I agree with the court of appeals in this case that the claim that appellant's act of "'palming' . . . the pipe to remove it from his pocket constituted *attempted* concealment" requires total speculation about whether appellant acted with the specific intent to conceal the pipe or just abandon it.[17] "Without evidence of a specific intent to conceal, Appellant's merely reaching into his pocket and removing the pipe is no more *attempted* concealment than having a drink is *attempted* public intoxication."[18] Appellant's act *exposed* the crack pipe, so how can a jury determine, beyond a reasonable doubt, that he specifically intended to *conceal* the crack pipe by that act of exposure? This logic escapes me.

The Tennessee Supreme Court recently explained that a tampering-with-evidence conviction may not be upheld if the evidence was not permanently altered or destroyed and its concealment delayed minimally, if at all, the officers' discovery of it:

> In drug cases, for example, convictions for tampering by concealment have been upheld when a defendant swallows drugs and when a defendant flushes drugs down a toilet as police approach and the drugs are recovered. One defendant's conviction was upheld when he tossed the drugs out of his moving vehicle, kept driving for a half mile, and the drugs were never found. Another defendant's conviction was upheld when he tried to hide his drugs in one pocket of a billiards table.
> Conversely, in other drug cases involving alleged concealment, courts have found mere abandonment when a defendant hides drugs in his socks or in his pocket, tosses drugs onto the roof of a garage while being pursued, drops

---

[17] *Thornton v. State*, 401 S.W.3d 395, 402 (Tex. App.–Amarillo 2013).

[18] *Id.* (emphasis added).

drugs off a roof in view of police, or throws drug evidence over a wooden privacy fence while officers are in pursuit. Dropping a marijuana cigarette into a sewer is mere abandonment, but dropping soluble drugs down a sewer drain could make them irretrievable and could support a tampering conviction. Hiding drugs in one's mouth without successfully swallowing them also may not constitute tampering.[19]

For these reasons, I agree with those courts holding that, with regard to possessory offenses, the tampering-with-evidence statute applies only to

    (A)    *completed* crimes in which the evidence is permanently destroyed, altered, or concealed.[20]  For example, if a defendant swallows the purported contraband, he has destroyed its usefulness as evidence; because the evidence is gone, the defendant cannot be convicted of the drug offense, but he can be convicted of tampering with evidence;[21] OR

---

[19] *State v. Hawkins*, 406 S.W.3d 121, 135 (Tenn. 2013) (citations omitted).

[20] *See Vigue v. State*, 987 P.2d 204, 210-11 (Alaka Ct. App. 1999).  As that court explained,

If the terms "suppress" and "conceal" are construed broadly, then it is possible to speak of Vigue's conduct as an act of suppression or concealment. By ridding his pockets and hands of the cocaine, Vigue probably intended to make it less likely that the cocaine would come to Officer Kantor's attention.

But it is important not to confuse Vigue's intent with his physical actions. The evidence-tampering statute uses the terms "suppress" and "conceal" to define the *actus reus* of the crime. In addition to this *actus reus,* the statute also requires proof of a culpable mental state—here, Vigue's intent to "impair [the] availability" of the evidence. The fact that Vigue intended to make it harder for Officer Kantor to detect the cocaine does not mean that Vigue actually succeeded in "suppressing" or "concealing" the cocaine when he tossed or dropped it to the ground. Indeed, under the facts of this case, no suppression or concealment occurred: Officer Kantor observed Vigue's action and was alerted to the possibility that something might be on the ground at the spot where Vigue had been standing. We agree with the courts of Pennsylvania, Florida, Tennessee, and New Jersey that conduct such as Vigue's amounts to nothing more than abandonment of the evidence, not suppression or concealment of evidence.

*Id.*

[21] *See, e.g., Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.–Eastland 2007, pet. ref'd) (evidence sufficient to support tampering conviction when defendant swallowed what officer had seen as a white rock-like object that appeared to be crack cocaine during traffic stop); *Vaughn v.*

(B)    The attempted destruction, alteration, or concealment has materially impeded the officer's investigation.  For example, if the defendant tosses bags of cocaine down the toilet and flushes it, but the police are able to disconnect the plumbing and retrieve the soggy, but identifiable baggies, the defendant's act of concealment was unsuccessful, but it materially impeded the officers.

I respectfully dissent to turning this Class C misdemeanor into a state-jail felony merely because appellant tried to abandon his crack pipe by exposing it to the officers' view, not concealing from their view.

Filed: April 2, 2014
Publish

---

*State*, 33 S.W.3d 901, 903-04 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (evidence sufficient to support tampering conviction when defendant flushed substance that officer believed was cocaine down the toilet); *Stimson v. State*, 05-07-01622-CR, 2008 WL 2841512, *2-3 (Tex. App.–Dallas, July 24, 2008) (not designated for publication) (evidence sufficient to support conviction for tampering with evidence when defendant swallowed what was thought to be a rock of crack cocaine at police station); *Harris v. State*, No. 12-07-00279-CR, 2008 WL 2814879, *2-3 (Tex. App.–Tyler, July 23, 2008, pet. ref'd) (not designated for publication) (evidence sufficient to support tampering conviction when defendant, stopped for traffic offense, admitted that he had a "marijuana roach" and then ate it).