IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. GONZALES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSEPH GONZALES, APPELLANT.

Filed February 9, 2016.    No. A-15-376.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed.

David S. MacDonald, Deputy Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent, for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Following a jury trial in the district court for Scotts Bluff County, Joseph Gonzales was found guilty of obstructing a peace officer, resisting arrest, and tampering with physical evidence. On appeal, Gonzales asserts that the court erred in overruling his motion to suppress; there was insufficient evidence to support his conviction; he was denied the effective use of a peremptory challenge; he was denied a speedy preliminary hearing; the court erred in denying his requested jury instructions; and his sentence was excessive. Finding no merit to these claims, we affirm Gonzales' conviction and sentence.

## II. FACTUAL BACKGROUND

Gonzales' convictions arose from his arrest on August 29, 2014, in Scottsbluff, Nebraska. At approximately 1:45 p.m. on August 29, Officer Matthew Herbel of the Scottsbluff Police

Department was patrolling in a marked police cruiser when he observed Gonzales walking through a neighborhood on a public street carrying a small black bag that cinched at the top. The knapsack resembled a pillow case and appeared to contain several items. Herbel was aware that several residential burglaries had recently occurred in the area during daylight hours, between 11:00 a.m. and 3:00 p.m., and in each instance a pillow case was used to transport the stolen items. Gonzales was walking in front of a home that had been burglarized twice in recent weeks. Herbel also had previous experience with and knowledge of Gonzales as a suspect in connection with several burglary arrests and investigations.

When Gonzales observed Herbel, he began walking in the opposite direction. Herbel responded by making a U-turn and following Gonzales. When Gonzales observed Herbel the second time, he once again reversed direction. At this point Herbel decided to contact Gonzales, but before he could, Gonzales ran away and jumped over a chain link fence.

Herbel exited his patrol car and a foot chase ensued. Herbel caught up with Gonzales as he was attempting to escape over a 6-feet privacy fence. Gonzales stopped and turned to face Herbel, still holding the black bag in his hand. Herbel repeatedly ordered Gonzales to show his hands, but Gonzales only partially complied, showing one hand while keeping the other concealed by the bag. Gonzales then ran toward Herbel, a physical altercation ensued, and Gonzales broke free and fled.

Herbel requested backup and continued pursuing Gonzales on foot. Herbel caught Gonzales in the middle of a nearby street and placed him in a headlock. Gonzales continued to struggle and resist, but Herbel was eventually successful in wrestling Gonzales to the ground and handcuffing him with the assistance of two civilians. Herbel placed Gonzales on his feet and searched his person for weapons, during which Gonzales continued to resist. The search produced a syringe, but no weapons. Later, Herbel had an opportunity to look inside the black bag. Herbel believed that the items inside the bag were not taken from a burglary.

Herbel placed Gonzales in the backseat of his patrol car for transport to the Scotts Bluff County Detention Center. At this time, *Miranda* warnings were administered to Gonzales by Herbel. On the way, Herbel pulled over and exited the patrol car to make a phone call. Gonzales remained handcuffed in the backseat. Video from the in-car camera shows Gonzales shifting around in his seat, using his left hand to manipulate the waistband of his shorts, and removing what appeared to be a small plastic baggie containing a white substance from his shorts. Gonzales attempted to place the baggie in his mouth, but was unsuccessful. Soon thereafter, Herbel returned to the patrol car and drove to the detention center.

Once there, Herbel led Gonzales into the booking area of the detention center. Herbel conducted another search of Gonzales at this time, locating a small marijuana pipe in his pocket. While waiting for jail staff to conduct another search, Herbel noticed that Gonzales was continually angling his body away from Herbel and he appeared to have an item concealed in his hand. Herbel confronted Gonzales and grabbed his arm. Gonzales responded by placing the item into his other hand, and Herbel proceeded to wrestle him to the ground. Gonzales then placed the item into his mouth and swallowed it. At this point Gonzales quit fighting and became cooperative. No video evidence of the struggle in the booking area was introduced into evidence.

Gonzales was subsequently handcuffed and strip searched. The search did not produce any contraband, but an inspection of Gonzales' shorts revealed a small cut inside the waistband where items could be concealed. Gonzales was also transported to a hospital by the jail staff for an x ray

approximately 2 hours after he consumed the item. The x ray did not produce any evidence of contraband, and no further efforts were used to obtain the ingested item.

## III. PROCEDURAL BACKGROUND

On September 2, 2014, Gonzales was charged in Scotts Bluff County Court with obstructing a peace officer, a Class I misdemeanor, and with resisting arrest, also a Class I misdemeanor. Gonzales was arraigned on the complaint that same day.

On September 18, 2014, the State filed an amended complaint, charging Gonzales with tampering with physical evidence, a Class IV felony. On September 24, 2014, Gonzales was arraigned on the amended complaint.

A preliminary hearing was held on October 7, 2014, during which the State dismissed the first two charges without prejudice, and Gonzales was bound over to district court on the third charge. Gonzales was then charged with these same three offenses in district court on October 14, 2014. The matter was brought for arraignment on October 24, 2014, at which point Gonzales entered a not guilty plea to all charges.

On December 10, 2014, Gonzales filed a motion to suppress the evidence obtained as a result of his arrest. The motion alleged that Gonzales was arrested without probable cause, and therefore any evidence obtained as a result of his unlawful arrest should be excluded. Following a hearing on the motion, the district court entered an order denying the motion on December 22, 2014.

A jury trial was held on February 20, 2015. Gonzales did not renew his motion to suppress at trial, nor did he object to Herbel's testimony. At the conclusion of the evidence, Gonzales made a motion for directed verdict, particularly as to the tampering charge, which the court denied. Gonzales requested Self Defense and Right to Avoid Police jury instructions. The court granted the request for a Self Defense instruction, but denied the request for a Right to Avoid Police instruction.

The jury returned a unanimous verdict of guilty on all counts. The district court accepted the jury's verdicts and ordered a presentence investigation.

A sentencing hearing was held on April 2, 2015. At the conclusion of the hearing, the court sentenced Gonzales to 360 days of imprisonment on each of the three counts, with the first two sentences to run concurrently and the third sentence to run consecutively to the first two. Gonzales received 217 days of credit for time served.

Gonzales subsequently perfected this appeal.

## IV. ASSIGNMENTS OF ERROR

Gonzales assigns, restated, that (1) the district court erred in overruling his motion to suppress any evidence and statements obtained as a result of his arrest and detention; (2) there was insufficient evidence to support his conviction for all three counts; (3) he was denied removal for cause of an allegedly biased juror, which in turn denied him effective use of the peremptory challenge he applied to remove said juror; (4) he was denied a speedy preliminary hearing as required by Neb. Rev. Stat. § 29-504; (5) the court erred in denying his requested jury instructions; and (6) his sentence was excessive and constituted an abuse of discretion by the district court.

## V. STANDARD OF REVIEW

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011). Stated another way, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Wells*, 290 Neb. 186, 859 N.W.2d 316 (2015).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id.*

## VI. ANALYSIS

### 1. MOTION TO SUPPRESS

Gonzales argues on appeal that the district court erred in denying his motion to suppress the evidence obtained as a result of his arrest. At trial, however, Gonzales failed to renew his motion to suppress and object to the admission of evidence that was the subject of his pretrial motion. Specifically, Gonzales did not object to Herbel's testimony regarding his arrest, detention, and items discovered during searches of his person.

In a criminal trial, after a pretrial hearing and order overruling a defendant's motion to suppress, the defendant, to preserve the issue on appeal, must object at trial to the admission of the evidence which was the subject of the suppression motion. *State v. Walker*, 272 Neb. 725, 724 N.W.2d 552 (2006). See, also, *State v. Piper*, 289 Neb. 364, 855 N.W.2d 1 (2014). Gonzales did not object to Herbel's testimony at trial or otherwise renew his motion to suppress. Therefore, Gonzales failed to preserve this issue on appeal, and we need not address it further.

### 2. SUFFICIENCY OF EVIDENCE

Gonzales assigns that there was insufficient evidence to support his conviction for obstructing a police officer, resisting arrest, and tampering with physical evidence. On appeal, Gonzales only argues the sufficiency of the evidence with regard to his conviction for resisting arrest and tampering with evidence within his brief. Therefore, this court will only consider whether the evidence was sufficient to support these two convictions. See *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court).

We note that much of Gonzales' argument concerning the sufficiency of the evidence to support these convictions stems from his assertion that the evidence obtained after Herbel's seizure of him should have been suppressed. Because Gonzales failed to preserve his motion to suppress or otherwise object to the evidence obtained as a result of his arrest and detention, this court may consider this evidence to determine whether it was sufficient to support the jury's verdict under the appropriate standards of review.

### (a) Resisting Arrest

Gonzales was charged with resisting arrest under the language of Neb. Rev. Stat. § 28-904(1)(a), which provides that:

> (1) A person commits the offense of resisting arrest if, while intentionally preventing or attempting to prevent a peace officer, acting under color of his or her official authority, from effecting an arrest of the actor or another, he or she:
>
> (a) Uses or threatens to use physical force or violence against the peace officer or another.

Viewing the evidence in a light most favorable to the prosecution, which in this case would mean assuming Herbel's account of the arrest and detention at issue are correct, there was sufficient evidence to find all essential elements of this crime beyond a reasonable doubt.

First, it is clear from the record that Herbel was in uniform, patrolling in a marked police car, and acting within his role as a police officer. Second, Gonzales used physical force against Herbel in an effort to prevent Herbel from arresting him. Following the initial chase, Gonzales first resisted arrest when he rushed towards Herbel and engaged him in combat. Herbel had only requested that Gonzales show his hands, but Gonzales responded by initiating a physical confrontation. Gonzales resisted arrest again following the second chase. He was only subdued after Herbel wrestled him to the ground and handcuffed him with the assistance of two civilians. Gonzales continued to physically struggle with Herbel and resist throughout the subsequent attempts to search his person.

It is clear from the record that sufficient evidence existed in this case for a rational jury to find Gonzales guilty of resisting arrest. Therefore, we affirm this conviction.

We briefly address Gonzales' argument that because his arrest was unlawful (which issue he failed to preserve), he could not be convicted of resisting arrest. Neb. Rev. Stat. § 28-1409(2), the self-defense statute, diminishes the common-law right to resist unlawful arrest and provides that regardless of whether the arrest is legal, one may not forcibly resist an arrest. *State v. Wells*, 290 Neb. 186, 859 N.W.2d 316 (2015). This argument is wholly without merit.

### (b) Tampering With Physical Evidence

Gonzales was charged with tampering with physical evidence under the language of Neb. Rev. Stat. § 28-922(1)(a):

> (1) A person commits the offense of tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he:

(a) Destroys, mutilates, conceals, removes, or alters physical evidence with the intent to impair its verity or availability in the pending or prospective official proceeding.

See, also, *State v. Lasu*, 278 Neb. 180, 768 N.W.2d 447 (2009) (to conceal or remove physical evidence, within meaning of subdivision (1)(a) of this section, is to act in a way that will prevent it from being disclosed or recognized). Physical evidence, as used in this section, means any article, object, document, record, or other thing of physical substance. Neb. Rev. Stat. § 28-922(2).

Viewing the patrol car video and trial testimony in a light most favorable to the prosecution, which in this case would mean assuming Herbel's account of the events at issue is correct, there was sufficient evidence to find all essential elements of this crime beyond a reasonable doubt.

The patrol car video shows that Gonzales attempted to dispose of a small baggie containing a white substance while in the back seat of the patrol car. At the detention center, Gonzales was attempting to conceal a small item in his hand and before Herbel was able to retrieve it, Gonzales was able to successfully place the item into his mouth and swallow it. Although the item was never retrieved or specifically identified, it was reasonable for the jury to infer that it was physical evidence (i.e., illegal drugs) that Gonzales intentionally destroyed so that it could not be used against him. See *State v. Lasu*, 278 Neb. 180, 185, 768 N.W.2d 447, 452 (2009) (swallowing of drugs is a method of deposing of evidence that has effect of making its recovery impossible). The syringe and marijuana pipe found on Gonzales' person provided further circumstantial evidence in support of the jury's decision.

Gonzales argues that the State was unable to definitively establish what evidence it claimed he destroyed. However, direct evidence is not required for an appellate court to find that there was sufficient evidence for a reasonable jury to convict Gonzales of tampering with evidence. See *State v. Ross*, 283 Neb. 742, 811 N.W.2d 298 (2012). In finding a defendant guilty beyond a reasonable doubt, a jury may rely upon circumstantial evidence and the inferences that may be drawn therefrom. *Id*. See also, *State v. Kofoed*, 283 Neb. 767, 817 N.W.2d 225 (2012) (circumstantial evidence is evidence which, without going directly to prove existence of a fact, gives rise to logical inference that such fact exists).

In a criminal case, when there is both circumstantial and direct evidence, the circumstantial evidence is to be treated the same as direct evidence, and upon review, the State is entitled to have all conflicting evidence, both direct and circumstantial, and the reasonable inferences which can be drawn from the evidence viewed in its favor. S*tate v. One 1985 Mercedes 190D Automobile*, 247 Neb. 335, 526 N.W.2d 657 (1995). Circumstantial evidence is not inherently less probative than direct evidence, and a fact proved by circumstantial evidence is nonetheless a proven fact. *State v. Ross, supra*. The circumstantial evidence regarding the physical evidence destroyed by Gonzales was more than enough to support such a conviction, especially when viewed in a light most favorable to the prosecution. Therefore, we affirm this conviction.

Gonzales' second assignment of error is without merit.

### 3. DENIAL OF REMOVAL OF JUROR FOR CAUSE

Gonzales assigns as error the district court's denial of his request that a juror be removed for cause. However, this assignment of error is not individually argued in its own section of the appellant's brief. Within the "Argument" section of the brief, there is only a subsection title

reiterating this assignment of error, with no subsequent discussion, which fails to comply with Neb. Ct. R. App. P. § 2-109(D).

The only argument regarding removal of a juror for cause is found under the "Summary of Argument" section of the brief. This discussion is limited to the following:

At jury selection Mr. Gonzales was denied the effective use of a preemptory challenge. The preemptory challenge was wasted on a juror that should have been removed for cause. That juror worked for the Nebraska Department of Health and Human Services and had previously demonstrated her hostility towards trial defense counsel and his clients in the juvenile court.

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015). An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

Gonzales' argument on this issue merely amounts to a reiteration of his assignment of error combined with conclusory statements. He fails to cite to the record, present legal authority, or provide a legal argument in support of his broad assertion that the juror in question was biased and should have been removed for cause. See *State v. Cook,* 290 Neb. 381, 391, 860 N.W.2d 408, 415 (2015) (court declined to address appellant's conclusory arguments regarding an assignment of error, with no supporting explanation in the argument section of brief).

Because Gonzales failed to sufficiently argue this assigned error, we need not address it further.

Gonzales' third assignment of error is without merit.

### 4. PRELIMINARY HEARING

Gonzales asserts on appeal that he was denied a speedy preliminary hearing as required by Neb. Rev. Stat. § 29-504, emphasizing that it took 40 days from the time of his arrest until the preliminary hearing. Gonzales was incarcerated during this period.

Neb. Rev. Stat. § 29-504 provides the following due process standard for felony complaints:

When the complaint is for a felony, upon the accused being brought before the magistrate, he shall proceed as soon as may be, in the presence of the accused, to inquire into the complaint.

The Nebraska Supreme Court has held that the time in which the defendant should be given a preliminary hearing is a question for the court. *Maher v. State*, 144 Neb. 463, 476, 13 N.W.2d 641, 650 (1944). There can be no precise length of time, after the arrest of a person, in which he must be given a hearing. *Id.* See, also, *State v. Bruns*, 181 Neb. 67, 70-71, 146 N.W.2d 786, 788-789 (1966); *State v. Thomas*, 236 Neb. 84, 91, 459 N.W.2d 204, 210 (1990). A person charged should be given a preliminary hearing just as soon as the nature and circumstances of the case will permit. *Maher v. State, supra*. See, also, *Gallegos v. State*, 152 Neb. 831, 839-840, 43 N.W.2d 1, 6 (1950). Neb. Rev. Stat. § 29-504 and other statutory provisions have been interpreted by the

Nebraska Supreme Court to mean that the accused must be brought before the magistrate in the first instance only as soon as is practical under the existing circumstances. *State v. O'Kelly*, 175 Neb. 798, 812, 124 N.W.2d 211, 219 (1963). See, also, *State v. Thomas*, 236 Neb. 84, 91-92, 459 N.W.2d 204, 210 (1990).

While Gonzales assigns as error a violation of Neb. Rev. Stat. § 29-504 and his right to due process, he fails to provide a record regarding this alleged delay that supports this assertion. It is incumbent upon the appellant to present a record that supports the errors assigned. Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *State v. Iromuanya*, 272 Neb. 178, 719 N.W.2d 263 (2006). See, also, *State v. Robinson*, 287 Neb. 799, 844 N.W.2d 312 (2014).

In addition to Gonzales' failure to support this assignment of error with a record, Gonzales did not raise this issue in the trial court, through objection or otherwise. An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal. *Aldrich v. Nelson*, 290 Neb. 167, 859 N.W.2d 537 (2015).

Based upon the limited record before us, we can find no violation of the statute or due process in relation to the preliminary hearing, and we will not consider further this assignment of error.

Gonzales' fourth assignment of error is without merit.

### 5. DENIAL OF JURY INSTRUCTION REQUEST

Gonzales assigns as error the district court's denial of his requested jury instruction regarding his right to avoid police. While Gonzales provides various statements of law pertaining to jury instructions within the "Propositions of Law" section of his brief, he never applies these standards to the record or otherwise argues the alleged error. The "Arguments" section of the brief does not contain a subsection addressing this issue as required by Neb. Ct. R. App. P. § 2-109(D). The only discussion regarding jury instructions within the context of this appeal is found under the "Summary of Argument" section. There, the brief only states that "the court denied the jury instructions requested that would have informed the jury of (Gonzales') right to be left alone and his right to defend himself from the assault by the officer." These general topics are discussed at other points within the brief, but never in the context of jury instructions.

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015). An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

Gonzales' brief argument regarding this issue merely amounts to a reiteration of his assignment of error. He fails to cite to the record, apply legal authority, or provide a legal argument in support of his broad assertion that the jury instruction request was improperly denied.

Because Gonzales failed to provide a sufficient argument in support of this assigned error, we will not address it further.

Gonzales' fifth assignment of error is without merit.

## 6. APPROPRIATENESS OF SENTENCE

Gonzales asserts on appeal that the sentence imposed was excessive and amounted to an abuse of discretion by the district court.

Gonzales was convicted of obstructing a police officer and resisting arrest, both of which are Class I misdemeanors. Neb. Rev. Stat. § 28-906(3), § 28-904(3). Gonzales was also convicted of tampering with physical evidence, a Class IV felony. Neb. Rev. Stat. § 28-922(3). The court sentenced Gonzales to 360 days of imprisonment on each of the three counts, with the first two sentences to run concurrently and the third sentence to run consecutively to the first two. Gonzales received 217 days of credit for time served and was ordered to pay court costs of $155.42.

Class I misdemeanors are punishable by up to 1 year of imprisonment, a $1,000 penalty, or both. Neb. Rev. Stat. § 28-106. Class IV felonies are punishable by up to 5 years imprisonment, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105(1), § 29-2204(1)(a)(ii)(A) (Cum. Supp. 2014). The sentences imposed by the district court are clearly within these statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. The sentencing court is not limited to any mathematically applied set of factors. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

The record reveals that the district court did not abuse its discretion in sentencing Gonzales. The court reviewed the presentence investigation report and considered all the relevant sentencing factors in making its decision. Specifically, the court considered Gonzales' age, mentality, prior criminal history, education, employment situation, and the circumstances of the offense, along with a variety of other factors. The court focused on evidence that Gonzales was not provoked, his use of physical violence, the absence of an excuse or justification for his actions, the need for treatment, and the risk of recidivism.

The sentence imposed upon Gonzales was within the statutory limits, and the district court did not abuse its discretion in considering and applying the relevant factors and legal principles. Therefore, we will not disturb his sentence.

Gonzales' last assignment of error is without merit.

## VII. CONCLUSION

The district court did not err in overruling Gonzales' motion to suppress, denying removal for cause of a juror, and denying his requested jury instructions. Further, Gonzales was not denied a speedy preliminary hearing and there was sufficient evidence to support his conviction for all three counts. Lastly, the sentence was not excessive and did not constitute an abuse of discretion by the district court. We affirm his conviction and sentence.

AFFIRMED.